IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEVEN KENNETH REED, | * | |
| Appellant, | * | |
| | | Civil Action No. RDB-14-175 |
| v. | * | Bankr. No. 12-21819-RAG |
| | | Adversary No. 12-629 |
| DEBORAH A. REED, | * | |
| Appellee. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

In this case, Appellant Steven Kenneth Reed ("Appellant") contends that the United States Bankruptcy Court for the District of Maryland erred in granting Appellee Deborah A. Reed's ("Appellee") Motion for Summary Judgment and denying Appellant's Motion to Dismiss Appellee's Adversarial Complaint. Appellant's appeal specifically requires this Court to determine (1) whether the Bankruptcy Court, in determining the dischargeability of a debt, properly afforded preclusive effect to a state court's order granting summary judgment against Appellant where Appellant, despite earlier activity in the case, had failed to respond to the Appellee's motion; and (2) whether Appellee's Complaint complied with the applicable pleading standards.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 158(a)(1), which extends jurisdiction to the United States District Courts to hear appeals from the final judgments, orders, and decrees of the United States Bankruptcy Courts.[1] The parties'

---

[1] Appellee has challenged this Court's jurisdiction, arguing that this appeal is not yet ripe for review. This argument is addressed herein.

submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014); Fed. R. Bankr. Pro. 8012. For the reasons that follow, the Bankruptcy Court's Order Granting Summary Judgment and Excepting Debt from Discharge (ECF No. 1-75) is AFFIRMED and this Court further notes that the Bankruptcy Court's refusal to grant Appellant's Motion to Dismiss was proper. Accordingly, Appellant's appeal is DENIED.

BACKGROUND

I.   The Parties' Divorce and the Marital Settlement Agreement

Appellant and Appellee were previously married, and they jointly owned a home at 8280 Patapsco Avenue, Pasadena, Maryland 21122 (the "Property"). On September 7, 2006, Appellee filed a Complaint for Absolute Divorce. In May of 2007, Appellee and Appellant contracted to sell the Property to Robert and Madelaine Binner (the "buyers"). After signing the contact of sale but prior to settlement, the Appellant and Appellee entered the Marital Settlement Agreement. Notably, Paragraph 8.3 of that Agreement provided that:

> Until the said property is sold and settled, [Appellant] shall be solely responsible for all expenses associated with either the ownership or occupancy of said [Subject] Property. He shall also be solely responsible for all costs and expenses associated with maintaining and/or improving the said [Subject] Property so that it can be sold and, upon the signing of this Agreement, any legal or financial responsibility that Wife [Deborah A. Reed] may have had with regard to any monies that are or may be due as a result of the ownership of the [Subject] Property shall be assumed by Husband [Steven K. Reed]. Husband shall indemnify and hold Wife harmless as to all such legal and financial responsibilities.

*See* ECF No. 1-13. On September 6, 2007, the Circuit Court for Anne Arundel County, Maryland granted Appellee an absolute divorce and incorporated the Marital Settlement Agreement into its Judgment. *See* ECF No. 1-14 ("IT IS FURTHER ADJUDGED,

2

ORDERED AND DECREED . . . that the Marital Settlement Agreement, dated June 4, 2007, . . . be incorporated, but not merged, in this Judgment.").

## II. The Buyers' Suit Against the Parties

Sometime after the closing of the sale of the Property on July 6, 2007, the buyers became dissatisfied with the condition of the Property. Accordingly, the buyers filed suit against the Appellant and Appellee alleging breach of contract, non-disclosure or concealment, and negligent mis-representation.[2] According to the buyers' complaint, the claims against Appellee arose out of various work performed on the Property by Appellant prior to the sale of the Property. *See* ECF No. 1-15, at ¶ 23. The Appellee subsequently filed a cross-claim against Appellant in that action, requesting indemnification and contribution against Appellant for any and all liability for damages that Appellee might have to the buyers. Appellant initially failed to respond but, at Appellant's request, was able to vacate the default and file an answer to Appellee's cross-claim.

Appellee settled the claims as they pertained to her,[3] and she subsequently filed a motion for summary judgment against the Appellant with respect to her cross-claim. Appellant, who was proceeding *pro se*, failed to file responsive papers. Therefore, the Circuit

---

[2] The buyers also filed suit against the realtors and the appraiser involved in the sale.

[3] The precise resolution of the buyers' case against Appellant is not completely clear. Appellee points to a notice from the state court stating that the court had received "Stipulations of Dismissal with Prejudice submitted by the parties" and that "the case remain[ed] open as to the cross-claim maintained by Deborah Reed against Steven Reed." *See* ECF No. 1-5 at Ex. E. Appellant contends, however, that he had refused to settle with the buyers but that the case was dismissed as to him nevertheless. *See* Appellant's Br. 6.

3

Court for Anne Arundel County entered an order granting the motion for summary judgment and awarding Appellee $49,352.53 in damages.[4]

### III.   Appellant's Bankruptcy Proceeding

Appellant filed for relief under Chapter 7 of the Bankruptcy Code on June 25, 2012. In his papers, Appellant listed Appellee as a judgment creditor holding an unsecured, non-priority claim of $55,000.00.  Appellee filed an Adversary Complaint against Appellant on September 21, 2012; specifically, Appellee sought to except the state court's judgment from discharge under Section 523(a)(15) of the Bankruptcy Code.[5]  Thereafter, Appellee filed a Motion for Summary Judgment, and Appellant filed a Motion to Dismiss with Prejudice.  In essence, Appellee argued that the judgment arose from a marital obligation and was therefore not dischargeable under Section 523(a)(15).  The Appellant, however, argued that the state court's judgment was essentially a default and that Appellee was impermissibly proceeding upon a theory of collateral estoppel that was only supported by a default judgment.  After briefing, the Bankruptcy Court held a hearing on June 4, 2013.

On December 11, 2013, the Bankruptcy Court found in favor of Appellee and granted summary judgment against Appellant.[6]  In particular, the Bankruptcy Judge found

---

[4] This original order awarded Appellee an additional $49,352.54 in attorney's fees.  Subsequently, however, the court revised the award of attorney's fees to $6,500.00.

[5] Section 523 of the Bankruptcy Code provides for a number of exceptions to the general rule of dischargeability of debts after bankruptcy.  One of these exceptions is a debt to a spouse "that is incurred by the debtor in the course of a divorce or separation or in connection to a separation agreement, divorce decree or other order of a court of record."  11 U.S.C. § 523(a)(15).  Accordingly, debts incurred in relation to separation agreements are not dischargeable in bankruptcy.

[6] Although the Bankruptcy Court noted Appellant's Motion to Dismiss in its Memorandum Opinion of December 11, 2013, it does not appear that the Bankruptcy Court expressly ruled upon that Motion in its written order.  However, there is no dispute that the Bankruptcy Court's Order effectively denied the Motion

4

that collateral estoppel barred the Appellant from relitigating his liability to Appellee under the Marital Settlement Agreement. Appellant appealed the Bankruptcy Court's ruling on December 23, 2013.[7]

## STANDARD OF REVIEW

This appeal is brought pursuant to Rule 8001 of the Federal Rules of Bankruptcy Procedure. On appeal from the Bankruptcy Court, this Court acts as an appellate court and reviews the Bankruptcy Court's findings of fact for clear error and conclusions of law *de novo*. *In re Merry–Go–Round Enterprises, Inc.*, 400 F.3d 219, 224 (4th Cir. 2005); *In re Kielisch*, 258 F.3d 315, 319 (4th Cir. 2001). A factual finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with a firm and definite conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

The district court may affirm, modify, or reverse a bankruptcy judge's order, or remand with instructions for further proceedings. *See* FED. R. BANKR. P. 8013; *see also In re White*, 128 F. App'x. 994, 999 (4th Cir. 2005); *Suntrust Bank v. Johnson*, 2006 U.S. Dist. LEXIS 87622, at *6, 2006 WL 3498411 (D. Md. Dec. 4, 2006).

## ANALYSIS

**I.      Ripeness of This Appeal**

---

to Dismiss. Moreover, Appellee's Brief states that the Motion to Dismiss was denied during the June 4, 2013 hearing. *See* Appellee's Br. 7 n.2.

[7] In a separate appeal, Civ. A. No. RDB-14-2216, Appellant has appealed the Bankruptcy Court's May 28, 2014 order awarding attorney's fees to Appellee. This Court will address that appeal by separate opinion and order in the next thirty (30) days.

Appellee argues that this appeal is not yet ripe because the challenged rulings of the Bankruptcy Court were not "final" orders. Specifically, Appellee contends that the Bankruptcy Court's orders were not final due to pending issues relating to attorney's fees and costs. *See* Appellee's Br. 4. However, the Bankruptcy Court's summary judgment order was a final judgment on the merits regardless of the pending attorney's fees issue. *See Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202 (1988) ("[A]n unresolved issue of attorney's fees for the litigation in question does not prevent judgment on the merits from being final."). Accordingly, the appeal is ripe for decision by this Court.[8]

## II. The Bankruptcy Court's Order Granting Appellee's Motion for Summary Judgment

Appellant contends that the Bankruptcy Court erred in granting Appellee's Motion for Summary Judgment by giving preclusive effect to the state court order granting summary judgment on Appellee's cross-claim.[9] *See* Appellant's Br. 8, ECF No. 3. The doctrine of collateral estoppel bars "the relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom [issue preclusion] is asserted had a full and fair opportunity to litigate." *Sedlack v. Braswell Servs. Grp., Inc.*, 134 F.3d 219, 224 (4th Cir. 1998) (quoting *Ramsay v. INS*, 14 F.3d 206, 210 (4th Cir. 1994)). There is no dispute that the state court's summary judgment ruling was a final decision on the merits between Appellant and Appellee that

---

[8] Notably, the Bankruptcy Court has since ruled on the issues of attorney's fees and costs, and that order is now subject to a separate appeal in this Court. *See Reed v. Reed*, Civ. A. No. RDB-14-2216.

[9] The preclusion issue arose within the context of the Bankruptcy Court's Section 523 dischargeability analysis. In order to obtain a declaration that a debt is not dischargeable under Section 523(a)(15), a creditor must show, *inter alia*, that the debt was incurred in connection with a separation agreement or divorce decree. In the Bankruptcy Court's view, the state court had already decided that the Agreement had required Appellant to indemnify Appellee as a result of the buyers' suit.

6

decided the issue of Appellant's duty to indemnify Appellee. The only issue is whether the matter was "actually litigated." In the typical scenario where a party fails to participate in any way, a default judgment is not sufficient to satisfy the actually litigated requirement. *See In re Raynor*, 922 F.2d 1146, 1150 (4th Cir. 1991) (issue of debtor's fraud was not actually litigated in case decided by default judgment where debtor had not filed an answer in the state court, had no knowledge of the trial, and accordingly had failed to appear). However, there are some scenarios in which a party's default may nevertheless bar relitigation of the issue for purposes of discharge:

> Most courts hold that the "actually litigated" requirement is met, even if there is no adversarial hearing, when (1) a defendant files an answer to the complaint or otherwise appears in the action, (2) the issues are submitted to a jury or finder of fact, (3) the issues are determined after the party has notice and an opportunity to be heard, and (4) the defendant had proper incentive to litigate the matter in the prior hearing and could reasonably foresee litigation on the same issue.

*Nestorio v. Associates Commercial Corp.*, 250 B.R. 50, 56 (D. Md. 2000) *aff'd sub nom. In re Nestorio*, 5 F. App'x 283 (4th Cir. 2001).

Although Appellant proceeded *pro se* in the state court litigation, it is apparent that he actively participated in those proceedings. At the beginning of the litigation, Appellant filed a response to the buyers' complaint. After Appellee filed her cross-claim, Appellant initially failed to respond and the state court entered an order of default on September 9, 2010. Thereafter, however, Appellant took further action to protect his rights:

> [Appellant] then filed a Request to Vacate Default . . . on September 28, 2010. While the Request was pending, a settlement conference (Conference) was held in Baltimore on December 9, 2010 and both Ms. Reed and the Debtor were in

>attendance. Ms. Reed agreed to pay the Binners $28,000 on her own behalf in settlement of their claims.
>
>After the Conference, on December 16, 2010, the Request was granted and the Order of Default was vacated. Supplement to Pl.'s Mot. Summ. J., Ex. 2. On December 28, 2010, the unrepresented Debtor filed his Answer to the Cross-Claim (Answer). Supplement to Pl.'s Mot. Summ. J., Ex. 3. In pertinent part, he wrote:
>
>>In the claim filed by Deborah A. Reed, point 6 quotes paragraph 8 of the Settlement Agreement between Steven K. Reed and Deborah A. Reed, however, the first line was omitted. The paragraph reads "Until the said property is sold and settled", husband shall be responsible. The [Property] was sold and settled long before this case was filed by the Binners….Steven K. Reed did in fact meet his responsibilities stated in the attached documents and did not breach any part of the Settlement Agreement….Therefore, Deborah A. Reed should be responsible for her own legal fees and any agreement her Attorney agreed to on her behalf, concerning a settlement with the Binners.
>
>*Id.* . . . Because her claim was unresolved, Ms. Reed filed the State Court SJ Motion on March 3, 2011. In it, she sought indemnification from the Debtor for her $28,000 settlement payment to the Binners plus $21,352.54 that she paid for attorney's fees and costs incurred in defending the Binner Complaint. . . . Notwithstanding the vacatur of the Order of Default, and the defense he asserted in his Answer, the Debtor did not respond to the State Court SJ Motion.

Bankr. Ct. Mem. Op. Supp. Order Entering Summ. J. Excepting Debt Discharge 5-6, ECF No. 1-74 (footnotes omitted).

As should be clear from this summary, Appellant appeared in the action. After initially defaulting, Appellant successfully moved to reopen the case and he raised the issue of indemnification through the answer to the Appellee's cross-claim that he filed with the state court. There is nothing in the record to indicate that, despite his initial involvement

Appellant was unaware of the Appellee's Motion for Summary Judgment or that he was deprived of an opportunity to litigate the issue. Finally, the issue was foreseeably before the state court because Appellant had raised the issue himself in his Answer. In light of the circumstances of this case, the Bankruptcy Court properly afforded preclusive effect to the state court's order granting summary judgment to Appellee, and, therefore, the Bankruptcy Court's order excepting the state court judgment from discharge was proper.

### III.  Denial of Appellant's Motion to Dismiss

Appellant contends that Appellee failed to state a claim for relief under 11 U.S.C. § 523(a)(15), and thus asks this Court to dismiss Appellee's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Specifically, Appellant argues that Appellee failed to provide any specific facts to sustain her claim that the indemnification provision of the parties' Marital Settlement Agreement precludes the discharge of her state court judgment against Appellant. In support of this assertion, Appellant urges this Court to find the indemnification provision in the Marital Settlement Agreement issue inapplicable to the circumstances for which Appellee is seeking reimbursement.

Under the heightened pleading standard set forth by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a plaintiff must "allege[] with greater specificity than previously was required." In *Twombly*, the Supreme Court articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not

9

afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim).

Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679. Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Although the plausibility requirement does not impose a "probability requirement," *id.* at 556, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 291 (4th Cir. 2012) ("A complaint need not make a case against a defendant or *forecast evidence* sufficient to *prove* an element of the claim. It need only *allege facts* sufficient to *state* elements of the claim." (emphasis in original) (internal quotation marks and citation omitted)).

In this case, Appellee's Complaint plausibly stated a claim for the non-dischargeability of the state court judgment under Section 523(a)(15) of the Bankruptcy Code. Section 523(a)(15) provides that:

> A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt . . . to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.

11 U.S.C. § 523(a)(15). The Appellee's Complaint clearly satisfied all of these elements. Specifically, she alleged that she and Appellant were previously married, Compl. ¶ 11, and

that their marriage was terminated by an order for absolute divorce that incorporated a Marital Settlement Agreement.  *See id.* ¶¶ 14, 17.  The Complaint further alleged that the Marital Settlement Agreement included an indemnification provision that required Appellant to repay Appellee for expenses associated with the ownership of the Property as well as costs relating to maintenance and improvement of the Property before sale.  *Id.* ¶ 15.  The Complaint asserts that the debt addressed by the Complaint arose out of the buyer's lawsuit, which was "related to the construction and renovation of improvements at the Subject Property, which were made by the Debtor prior to the sale of the Subject Property in 2007."  *Id.* ¶ 18.  Finally, the Complaint clearly details the nature (a state court judgment) and amount ($55,852.54) of the debt.  *Id.* ¶¶ 22-23.  In light of these factual allegations in the Complaint, it is clear that Appellee stated a plausible claim for the non-dischargeability of the state court judgment as a debt arising under Section 523(a)(15) of the Bankruptcy Code.[10]

## CONCLUSION

For the reasons stated above, the Bankruptcy Court's Order Granting Summary Judgment and Excepting Debt from Discharge (ECF No. 1-75) is AFFIRMED and the Bankruptcy Court's refusal to grant Appellant's Motion to Dismiss was proper.  Accordingly, Appellant's appeal is DENIED.

---

[10] One of Appellant's main contentions is that Appellee's Complaint omitted the first phrase of the indemnification provision that limits the time frame to "until the . . . [P]roperty is sold and settled."  In essence, Appellant argues that Appellee was not entitled to recover under the Marital Settlement Agreement because the state court judgment arose from a lawsuit that began *after* the Property was sold.  Of course, this argument again implicates the state court's ruling on the Appellee's motion for summary judgment, which raised this very issue, and which this Court has already determined is deserving of preclusive effect.

A separate Order follows.

Dated:      September 30, 2014                          _____/s/_____

                                                        Richard D. Bennett
                                                        United States District Judge